FILED
SUPERIOR COURT
OF GUAM

2019 MAY 24 PM 4: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KORASAN LLC dba MODA GINO'S,<br><br>                Plaintiff,<br><br>vs.<br><br>PAUL'S GUAM, INC., PICHET "PAUL"<br>SACHDEJ, and AMARJIT "JIM"<br>SACHDEV,<br><br>                Defendants. | Superior Court Case No. <u>CV0755-17</u><br><br><br>**DECISION AND ORDER<br>RE<br>MOTION IN LIMINE TO EXCLUDE<br>DEFENDANTS' EXPERT REPORT** |

The Court here considers Plaintiff Korasan LLC dba Moda Gino's Motion in Limine to Exclude Defendants' Expert Report, heard on April 23, 2019. Having considered the parties' arguments and applicable law, the Court GRANTS Korasan's Motion.

The Court's January 3, 2019 Decision and Order required Defendants to produce any documents they planned to use at trial, especially documents relied upon by their expert, Barry Wilson, to create his report. Defendants did not produce any further documents, and Korasan now requests the Court do three things: (1) exclude the expert report authored by Wilson, or, in the alternative, exclude all parts of the report that rely on or are related to evidence not provided by Defendants to Plaintiff; (2) establish jury instructions for the adverse inference that there are no documents in the categories sought by Korasan and covered by the Court's January 3, 2019 Decision and Order; and, (3) award costs and attorneys' fees related to this motion in limine. Mot. in Limine at 1 (Feb. 22, 2019).

ORIGINAL

Guam Rule of Civil Procedure 26(a)(2)(B) requires that an expert's report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions...." Wilson's report includes his opinion and includes exhibits he allegedly used to form his opinion and which he intends to use at trial to support his opinion. Berman Decl., Ex. C (Feb. 22, 2019). Korasan contends, however, that Wilson's report references numerous facts that can only be proven from information Defendants collected but refused to produce after this Court's January 3, 2019 Decision and Order. Such documents originated from Defendants and generally reference payments to vendors, purchase orders from Guam, receipts for purchase price paid, exact uniform numbers sold/unsold, and PGI's sales data for the years 2015-2017. Mot. Limine at 1-2. As an example, Defendants report that in 2016 and 2017, there were 1,150 ordered Tiyan High School uniforms, with a unit price of $12.00, and a remaining inventory of 909 pieces. At a cost of goods of $9,740.50, Defendants earned a profit of $4,059.50 for 2016 and 2017. Korasan wants to know more about this information, such as supporting data for inventory and the cost of goods.

Defendants' reaction has been unsatisfactory. Defendants argue that because Korasan also disclosed this document--which it obtained from Defendants--it waives any objection to the document.

Having reviewed Wilson's report and exhibits, the Court agrees with Korasan that Defendant has improperly withheld relevant information. Without seeing the underlying information regarding orders, costs of goods, and inventory, Korasan has no way of verifying either Defendants' figures or their expert's conclusions. While Korasan has also relied on this

ORIGINAL

information, there is no question it took the only information proffered by Defendants to provide to their expert. This does not cure Defendants' unfortunate choice to withhold the underlying data in violation of the discovery rules and the Court's order. Moreover, Korasan utilizes the document for impeachment purposes, not as part of its case in chief.

When a court requires a party to disclose facts or data underlying an expert's opinion, "a party's failure to comply with the order is sufficient grounds for exclusion of that expert." *In re N.A.*, 2001 Guam 7 ¶ 48; GRE 705. Furthermore, a party that fails to disclose information as required by Rule 26(a) is not permitted to use that information unless such failure is harmless. GRCP 37(c)(1). Because it is "important that a party receive pre-trial discovery of a proposed expert's opinion in order to effectively prepare for cross-examination" the Court does not find Defendants' failure to produce the information underlying Wilson's report to be harmless. *In re N.A.*, 2001 Guam 7 ¶ 48. Accordingly, the Court GRANTS Korasan's Motion to exclude all parts of Wilson's report that rely on or are related to evidence not provided by Defendants to Korasan.

As an additional sanction, the Court may also order a party who fails to disclose information required by Rule 26(a) to pay the other party's reasonable expenses, including attorney's fees, and may include a jury instruction concerning the party's failure to make such a disclosure. GRCP 37(c)(1). The Court grants the request for attorney's fees. Within 14 days of this Decision and Order, Korasan may furnish a statement of its fees and costs incurred in connection with the Motion in Limine. The Court defers on the request to issue a jury instruction until the parties submit proposed jury instructions and Korasan has demonstrated that such an instruction--in addition to the exclusion remedy granted herein--is warranted.

ORIGINAL

In conclusion, the Court hereby GRANTS Korasan's Motion in Limine to Exclude Defendants' Expert Report. Defendants may not utilize any part of Wilson's report that relies on information ordered by the Court but withheld by Defendants. Korasan may also submit a statement of fees and costs in connection with the Motion in Limine.

SO ORDERED this 24th day of May 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

acknowledge that a copy of the original thereto was placed in the box of:

Berman
Taitano
5/24/19

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Esq., Berman, O'Connor & Mann, for Korasan LLC dba Moda Gino's
Carlos L. Taitano, Esq., Taitano & Taitano LLP, for Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

ORIGINAL